IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:24-CV-701-FL

| | | |
|---|---|---|
| ARTHUR RODGERS TRAYNOR, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| AMERICAN AIRLINES, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on plaintiff's motion to remand (DE 15). Defendant responded in opposition, and the issues raised are ripe for ruling. For the following reasons, the motion is granted.

**STATEMENT OF THE CASE**

Plaintiff commenced this action August 18, 2023, by filing a "complaint for money owed" in the General Court of Justice, District Court Division – Small Claims, in Wake County, North Carolina, seeking damages not to exceed $10,000.00, as a result of a cancelled flight from Calgary to Chicago, en route to Raleigh. (Compl. (DE 5-1) at 4). Plaintiff seeks damages due to meal expenses, transportation expenses, and lost work time incurred by his family as a result of re-booking on a later flight to Charlotte.

Defendant filed December 6, 2024, a notice of removal on the basis of "federal question jurisdiction," asserting that "federal law completely preempts" plaintiff's state law claims, in light of the Convention for the Unification of Certain Rules for International Carriage by Air, done at Montreal on 28 May 1999, T.I.A.S. No. 13,038 (2000), reprinted in S. Treaty Doc. No. 106-45,

1999 WL 33292734 (2000) (hereinafter "Montreal Convention"). (Notice of Removal (DE 5) 3-4).

Defendant filed December 17, 2024, a motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). (DE 9). Prior to the running of response time to that motion, plaintiff filed the instant motion to remand January 6, 2025, relying upon additional state court pleadings and orders. On plaintiff's motion, the court entered a text order on January 14, 2025, staying the time for plaintiff to respond to defendant's motion to dismiss until after the court's ruling on the instant motion, in the event such motion is denied. Defendant's opposition to the instant motion followed.

**COURT'S DISCUSSION**

A.     Standard of Review

"The burden of establishing federal jurisdiction is placed upon the party seeking removal." Mulcahey v. Columbia Organic Chemicals Co., 29 F.3d 148, 151 (4th Cir. 1994). This court has an "obligation to construe removal jurisdiction strictly because of the significant federalism concerns implicated by it." Lontz v. Tharp, 413 F.3d 435, 440 (4th Cir. 2005).[1] Accordingly, "[i]f federal jurisdiction is doubtful, a remand is necessary." Mulcahey, 29 F.3d at 151.

The right to remove a case from state to federal court derives from 28 U.S.C. § 1441, which provides in relevant part: "[A]ny civil action brought in a state court of which the district courts of the United States have original jurisdiction, may be removed by the defendant." 28 U.S.C. § 1441(a). In this case, there is no allegation of diversity jurisdiction. Accordingly, the propriety of removal depends on whether the case falls within the provisions of 28 U.S.C § 1331: "The district

---

[1]     Internal quotations and citations are omitted from all case citations in this order unless otherwise specified.

courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

B.      Analysis

"Under the well-pleaded complaint rule, courts ordinarily look no further than the plaintiff's complaint in determining whether a lawsuit raises issues of federal law capable of creating federal-question jurisdiction under 28 U.S.C. § 1331." Darcangelo v. Verizon Commc'ns, Inc., 292 F.3d 181, 186 (4th Cir. 2002). "The general rule, of course, is that a plaintiff is the master of the claim, and he may avoid federal jurisdiction by exclusive reliance on state law in drafting his complaint." Mayor & City Council of Baltimore v. BP P.L.C., 31 F.4th 178, 198 (4th Cir. 2022). "A plaintiff's complaint may not be removed to federal court on the basis of a federal defense, including the defense of pre-emption, even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue." Id.

"In the case of complete preemption, however, Congress so completely pre-empts a particular area that any civil complaint raising this select group of claims is necessarily federal in character." Darcangelo, 292 F.3d at 187. "That is to say, the doctrine of complete preemption converts an ordinary state common law complaint into one stating a federal claim." Id. "Thus, the doctrine of complete preemption serves as a corollary to the well-pleaded complaint rule: because the state claims in the complaint are converted into federal claims, the federal claims appear on the face of the complaint." Id.

"Recognizing that complete preemption undermines the plaintiff's traditional ability to plead under the law of his choosing, the Supreme Court has made clear that it is 'reluctant' to find complete preemption." Lontz, 413 F.3d at 440 (quoting Metro. Life Ins. Co. v. Taylor, 481 U.S.

58, 66 (1987)). "The Court has, in fact, found complete preemption in only three statutes," the "National Bank Act," "ERISA § 502(a)," and "Labor Management Relations Act." Id. "In assessing whether defendants have carried their burden, we may not conflate 'complete preemption' with 'conflict' or 'ordinary' preemption." Id. at 440. "[E]ven an obvious pre-emption defense does not, in most cases, create removal jurisdiction," and even if it "forms the very core of the litigation, it is insufficient for removal." Id. at 440-41. "The presumption, in other words, is against finding complete preemption." Id. at 440. "Most notably, the congressional intent that state law be entirely displaced must be clear in the text of the statute." Id. at 441.

Here, the court begins its complete preemption analysis by noting that neither the Supreme Court nor the United States Court of Appeals for the Fourth Circuit has found that the Montreal Convention completely preempts state law to provide a basis for federal removal jurisdiction. A number of district courts have addressed the issue, with most recent cases recognizing a "majority approach, which holds that the Montreal Convention does not provide a basis for removal under the doctrine of complete preemption." Deugoue v. Delta Air Lines, Inc., No. 6:23-CV-00126-JDK, 2023 WL 3035340, at *2 (E.D. Tex. Mar. 31, 2023) (collecting cases); see, e.g., Greig v. U.S. Airways Inc., 28 F. Supp. 3d 973, 977 (D. Ariz. 2014) (no complete preemption); Narkiewicz-Laine v. Scandinavian Airlines Sys., 587 F. Supp. 2d 888, 890 (N.D. Ill. 2008) (same); but see Knowlton v. American Airlines, Inc., No. RDB–06–854, 2007 WL 273794, at *5 (D. Md. Jan. 31, 2007) (finding complete preemption).

This divergence of authority, and the more recent prevailing "majority approach" rejecting complete preemption, gives rise to doubt about the exercise of federal jurisdiction based upon a defense raised, as here, under the Montreal Convention. Where such doubt exists, "a remand is necessary." Mulcahey, 29 F.3d at 151.

4

The majority approach, moreover, finds support both in the text of the statute and the admonition that "[t]he presumption . . . is against finding complete preemption." Lontz, 413 F.3d at 440. Both the background and text of the Montreal Convention do not demonstrate a clear intent to displace state law entirely.

"The Montreal Convention is a multilateral treaty negotiated and signed in 1999, and adopted by more than 130 countries, to harmonize the private international air laws and also to amend important provisions of the predecessor Warsaw Convention, which was signed in October 1929." We CBD, LLC v. Planet Nine Priv. Air, LLC, 109 F.4th 295, 301 (4th Cir. 2024). "Chapter I of the Montreal Convention confirms that, like its predecessor, it has a broad scope and 'applies to all international carriage of persons, baggage or cargo performed by aircraft for reward.'" Id. at 302 (quoting Montreal Convention, art. 1 ¶ 1). Most pertinent here, "Chapter III also contains a preemption provision in its Article 29, which provides, in relevant part":

> In the carriage of passengers, baggage and cargo, any action for damages, however founded, whether under this Convention or in contract or in tort or otherwise, can only be brought subject to the conditions and such limits of liability as are set out in this Convention without prejudice to the question as to who are the persons who have the right to bring suit and what are their respective rights.

Id. (quoting Montreal Convention, art. 29) (emphasis added by Fourth Circuit). The emphasized text "provides the exclusive remedy for claims within its scope," thus providing a defense of that limits and conditions damages that may be awarded. Id. Nevertheless, the language of the Montreal Convention immediately preceding this emphasized text recognizes actions that may be brought either under this Convention or "in contract or in tort or otherwise." (Montreal Convention, art. 29). This language suggests that although the Montreal Convention may limit remedies available for such claims, it does not provide clearly "that state law be entirely displaced" as a matter of federal question jurisdiction. Lontz, 413 F.3d at 441.

Defendant cites to <u>Knowlton v. American Airlines, Inc.</u>, No. RDB–06–854, 2007 WL 273794, at *4 (D. Md. Jan. 31, 2007), as the "seminal case on this subject." (Def's Mem. (DE 19) at 8). However, <u>Knowlton</u> predates all of the cases cited above addressing complete preemption and the Montreal Convention, which cases recognize a more recent "majority approach" holding to the contrary. In addition, <u>Knowlton</u> relies upon <u>El Al Israel Airlines, Ltd. v. Tseng</u>, 525 U.S. 155 (1999), which does not address complete preemption, but rather ordinary preemption of the Montreal Convention's predecessor, the Warsaw Convention. In this manner, <u>Knowlton</u> risks violating the Fourth Circuit's admonition that "we may not conflate 'complete preemption' with 'conflict' or 'ordinary' preemption," and "even an obvious pre-emption defense does not, in most cases, create removal jurisdiction." <u>Lontz</u>, 413 F.3d at 440. Furthermore, in citing <u>Knowlton</u>, defendant does not recognize, much less engage with the reasoning of the cases adopting the majority approach, thus falling short of its "significant burden" of demonstrating "complete preemption" for purposes of removal jurisdiction. <u>Id.</u> at 441.

Defendant also cites to <u>We CBD, LLC v. Planet Nine Priv. Air, LLC</u>, No. 3:21-CV-00352-FDW-SCR, 2023 WL 3959925, at *4 (W.D.N.C. June 12, 2023), as an example of a case that followed the "reasoning in <u>Knowlton</u>." (Def's Mem. (DE 19) at 9). This is not true. <u>We CBD, LLC</u> did not apply a complete preemption analysis. Indeed, that case was removed based upon diversity jurisdiction. (<u>See</u> Case No. 3:21-CV-00352-FDW-SCR,Compl. (W.D.N.C. DE 1) ¶ 8). Likewise, defendant cites to <u>Butler v. Fed. Express Corp.</u>, No. CV 1:19-3477-JMC-SVH, 2020 WL 7647396, at *1 (D.S.C. Nov. 9, 2020), as an example of a case that was removed on the basis of the Montreal Convention. In that case, however, the court's jurisdiction was not challenged in a motion to remand, and the court did not address complete preemption in any respect. <u>See</u> <u>id.</u> at * 4-6.

6

Finally, defendant cites to multiple district court decisions addressing preemption generally under the Montreal Convention: Roberts v. Delta Airlines, Inc., No. 1:19 CV 248, 2020 WL 4496544, at *5 (W.D.N.C. July 13, 2020); Sinnokrot v. Saudi Arabian Airlines Corp., No. 119CV01376RDAIDD, 2020 WL 2738237, at *2 (E.D. Va. Jan. 16, 2020); Selke v. Germanwings GmbH, 261 F. Supp. 3d 645, 660 (E.D. Va. 2017); Ramos v. Am. Airlines, Inc., No. 3:11CV207, 2011 WL 5075674, at *2 (W.D.N.C. Oct. 25, 2011); Okeke v. Nw. Airlines, Inc., No. 1:07CV538, 2010 WL 780167, at *3 (M.D.N.C. Feb. 26, 2010). But all of those cases similarly address "conflict" or "ordinary" preemption, and they do not shed light on the "exacting requirement" of compete preemption, Mayor & City Council of Baltimore, 31 F.4th at 199, nor the "presumption . . . against finding complete preemption." Lontz, 413 F.3d at 440. In sum, defendant has not demonstrated that complete preemption justifies removal of the instant case.

In so holding, the court expresses no opinion on the merits of the defense of preemption under the Montreal Convention, but rather only that defendant has not met its "significant burden" of demonstrating "complete preemption" for purposes of removal jurisdiction. Id. at 441. Accordingly, the court must remand to state court, leaving the issues raised by defendant's motion to dismiss for resolution there. Plaintiff's motion to remand thus is granted, and the court terminates for lack of jurisdiction defendant's motion to dismiss.

## CONCLUSION

Based on the foregoing, plaintiff's motion to remand (DE 15) is GRANTED. This case is REMANDED to the General Court of Justice, District Court Division – Small Claims, in Wake County, North Carolina, for further proceedings. The court TERMINATES without prejudice defendant's motion to dismiss. (DE 9). The clerk is DIRECTED to transmit a certified copy of

7

this order to the clerk of the General Court of Justice, District Court Division – Small Claims, in Wake County, North Carolina, and to file in this case a copy of the clerk's transmittal letter with certified copy of the instant order.

SO ORDERED, this the 24th day of April, 2025.

_____
LOUISE W. FLANAGAN
United States District Judge